UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
           v.                   )
                                )
DANIEL GOMES and                )    CR. NO. 04-10195-PBS
MICHAEL PINA                    )


**GOVERNMENT'S OPPOSITION TO DEFENDANTS'**
**MOTION TO SUPPRESS EVIDENCE FROM ILLEGAL STOP AND SEARCH OF**
**AUTOMOBILE ON APRIL 27, 2004**

The United States of America, by and through its attorneys,

United States Attorney Michael J. Sullivan, and Assistant U.S.

Attorney Donald L. Cabell, hereby opposes the defendants' motion

to suppress.  The police were entitled to stop the defendants and

determine who they were because the defendant Gomes failed to

activate his directional light when turning.  Even assuming for

the sake of argument that the traffic stop was improper, evidence

of the defendants' identity is, as a matter of law, never

suppressible, and no additional evidence was collected.  The

Court should accordingly deny the motion without a hearing.

**Relevant Facts**[1]

The indictment charges the defendants with committing a

number of drug offenses on various dates in 2004, including April

_____

[1]    The government expects the following evidence would be
adduced at an evidentiary hearing were the Court to convene one.
In the government's view, though, no hearing is necessary
because, as discussed _infra_, evidence of the defendants'
identities, the only evidence that arose as a result of the
traffic stop, is always admissible even if the stop is found to
be improper.

27, 2004.  On that day, a cooperating witness (CW) being
monitored by law enforcement officers allegedly purchased cocaine
from the defendants.  Just prior to the transaction, law
enforcement officers surveilling defendant Pina's apartment
watched him leave and enter a waiting Dodge Intrepid.  They
simultaneously had the CW call defendant Pina on his cell phone
to arrange a transaction, this one for $600.  Defendant Pina
agreed to meet the CW near the intersection of State and Campbell
Streets in New Bedford, which was not far from where defendant
pina resided.

    The CW went to that location and the Dodge Intrepid arrived
minutes later.  The CW leaned into the car and conducted a
transaction with "Mike" in the rear.  The CW subsequently
confirmed that "Mike" was defendant Pina, and that defendant
Gomes was driving.

    Defendant Gomes drove away after the transaction was
complete.  In turning from one street onto another, however, he
failed to activate his directional, i.e., he didn't use his
"blinker."  New Bedford Police Officer Stanley Chabrek, who was
patrolling nearby and had no connection to or knowledge of the
drug transaction, observed the traffic violation and pulled the
car over near to defendant Pina's residence.  Officer Chabrek
approached the vehicle and asked the occupants for
identification.  The rear passenger indicated that he was Michael

Pina and the driver identified himself as Daniel Gomes.  Officer Chabrek, who did not search the vehicle or either defendant, declined to issue defendant Gomes a citation.  Both men then entered defendant Pina's apartment

### General Principles of Law

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. Traffic stops are considered seizures within the meaning of the Fourth Amendment.  Delaware v. Prouse, 440 U.S. 648, 653 (1979). Even so, traffic stops are considered more like investigative detentions than formal arrests.  Berkemer v. McCarthy, 468 U.S. 420, 439 (1984). For Fourth Amendment purposes, the legality of a traffic stop is analyzed under the standard set forth in Terry v. Ohio, 392 U.S. 1 (1968).  This standard is a two-tiered reasonable suspicion inquiry: (1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place.  Terry, 392 U.S. at 19-20.

There is an exception, however.  Even if the stop is found to be improper, i.e., unconstitutional, evidence of the defendant's identity is always admissible and never suppressible. As the Supreme Court held in INS v. Lopez-Mendoza, 468 U.S. 1032 (1984), the identity of a defendant "in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful

arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Lopez-Mendoza, 468 U.S. at 1039; see also Navarro-Chalan v. Ashcroft, 359 F.3d 19, 22 (1st Cir. 2004).

**Argument**

Applying these clear and unambiguous principles to the present case, the defendants' motion must fail. Defendant Gomes's failure to properly signal a turn justified the traffic stop, and that in turn permitted the police officer to approach the car and ask the occupants their name. Delaware v. Prouse, 440 U.S. at 663. Even if the traffic stop were deemed to be improper, although it is hard to see how that could be, the only evidence yielded by the stop was the identity of the occupants, which is never suppressible as a matter of law.

**Conclusion**

Based on the foregoing, evidence of the defendants' identities is admissible regardless of the validity of the traffic stop. Accordingly, the Court should deny the defendants' motion without a hearing.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Donald L. Cabell
DONALD L. CABELL

4

Assistant U.S. Attorney