UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO. 04-10195-PBS |
| MICHAEL PINA, ) | |
| Defendant, ) | |

**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**May 18, 2005**

**SWARTWOOD, C.M.J.**

I.  Nature of the Offense and the Government's Motion

On June 22, 2004, a Criminal Complaint was filed charging Michael Pina ("Mr. Pina") with possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1).

At his initial appearance, Mr. Pina was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Mr. Pina is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Pina is charged with a felony and has been convicted

of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On June 25, 2004, a consolidated probable cause/detention hearing was held and at the inception of that hearing, Mr. Pina agreed that if probable cause were found he would assent to an Order of Detention, but would reserve his right to a detention hearing in the future. This case then proceeded on the issue of probable cause and in that connection, Brendan Hickey, Special Agent of the Bureau of Alcohol, Tobacco and Firearms and Explosives ("ATF"), testified on behalf of the Government and was cross-examined by Mr. Pina's counsel.

On June 28, 2004, I issued a Memorandum of Probable Cause And Order On The Government's Motion For Detention (Docket No. 7)("Prior Order"), in which I: (1) found that probable cause existed to believe that Mr. Pina had engaged in the sale of crack cocaine to a confidential witness on three separate occasions; and (2) ordered that Mr. Pina be detained, but reserved his right to a a detention hearing in the future.

On July 7, 2004, an Indictment was returned charging Mr. Pina with: five counts of distributing crack cocaine, in violation of 21

U.S.C. §841(a)(1); and three counts of aiding and abetting in violation of 18 U.S.C. §2.

On April 13, 2005, at a telephone status conference held in this case, Mr. Pina, through counsel, requested that a detention hearing be held and, thereafter, such a hearing was scheduled for April 28, 2005. Prior to the hearing on April 28, 2005, Mr. Pina's counsel, who was ill, requested that the matter be further continued until May 17, 2005. On May 17, 2005, a detention hearing was held. Neither party offered any additional evidence and after proffer and argument, the matter was taken under advisement.

## II. Findings of Fact

I adopt the Findings Of Fact made in my prior Order concerning the sales of crack cocaine charged in Counts 3, 4 and 5 of the Indictment. I have no information concerning the sales of crack cocaine charged in Counts 1 and 2 of the Indictment.

## III. Discussion Of The Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held

pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in

the statute for which Congress has determined that detention is warranted.  See 18 U.S.C. § 3142 (f)(1).  The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice.  18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release.  See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e).  Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on

release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)   the weight of the evidence against the person;

    (3)   the history and characteristics of the person, including:

      1.    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      2.    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### IV. Discussion of Whether Detention is Warranted

#### A. Mr. Pina's History and Characteristics

Mr. Pina, who is thirty-five years old, was born in New Jersey, but, except when incarcerated, has lived in New Bedford, Massachusetts for the past twenty years. Mr. Pina is single and has two children, both of whom reside with their mothers (one in New Bedford and one in Florida). Mr. Pina's father, who is ill, resides in New Bedford with one of Mr. Pina's brothers. Mr. Pina has two other brothers and a sister who reside in New Bedford, and his two other sisters reside in Providence, Rhode Island. Mr. Pina's mother is deceased.

Mr. Pina was last employed as a janitor in either 1991 or 1992. Mr. Pina has no assets.

Mr. Pina has a lengthy adult criminal record, which includes the following relevant convictions:

| Date | Offense | Disposition |
|---|---|---|
| 12/11/89 | Larceny (10 Ct.), Malic.Dest.Prop (10 Ct.), Poss. Burg. Tools, Larceny M/V | 12/11/89, guilty, filed |
| 12/11/89 | Larceny M/V (8 Cts) | 12/11/89, guilty, split sentence, 1 yr. Comm. |
| 04/16/91 | Possession of a controlled substance | 09/13/91, guilty, 1 yr. suspended/violated probation; 05/14/93, one year committed |
| 08/19/92 | A&B/Dangerous Weapon | 12/13/93, guilty, nine to ten years committed |
| 10/25/93 | Possession controlled substance With Intent to distribute | 12/13/93 filed |
| 10/14/98 | Poss. Class. D controlled substance | 03/10/99 cont. w/o finding |
| 10/14/98 | Possession w/intent to distribute Class B controlled substance | 03/10/99, guilty, probation 09/10/99, fine |
| 8/15/2000 | carrying dangerous weapon, disturbing peace | 01/19/01, cont. w/o finding; 06/26/2001, violation probation 59 days committed, stayed |
| 04/11/2001 | possession Class A Substance (Oxycodone) | 06/26/01, guilty, 4 months committed |

B. <u>Nature of the Offense and Weight of the Evidence</u>

The Indictment establishes probable cause for the offenses charged against Mr. Pina. Furthermore, the evidence presented at the probable cause hearing was that on three separate occasions, Mr. Pina sold crack cocaine to a confidential witness. The crack cocaine, for which Mr. Pina was paid $2400, had a total combined

weight of 49.31g. Additionally, these three transactions were monitored, recorded and surveilled and Mr. Pina has been positively identified as the person who sold the crack cocaine to the confidential witness. Therefore, I find, at least as to Counts 3-5, that the weight of the evidence against Mr. Pina is substantial.

### C. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Pina is released, or the appearance of Mr. Pina, as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case because Mr. Pina is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the charges against Mr. Pina. Therefore, I find that under 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Pina or the safety of the community if he were released. I find that Mr. Pina has not produced nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d

364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986).  Although I have determined that Mr. Pina has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

### D.  Government's Burden

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A).  The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Pina is released, or the appearance of Mr. Pina, as required.

The Government's burden of proof is by:

1. *Clear and convincing evidence* that Mr. Pina, if released, would pose a serious danger to any person or the community, or

2. A *preponderance of the evidence* that Mr. Pina, if released, would not appear as required.

### E.  Whether Mr. Pina Poses A Danger To The Community

Mr. Pina has been charged with an offense for which a maximum penalty of ten years or more is prescribed under the Controlled Substances Act and he faces a maximum sentence of life in prison if convicted of the offenses charged in the Indictment.  Therefore, the Government is warranted in seeking detention of Mr. Pina on

dangerousness grounds pursuant to Sections 3142(f)(1)(B) and (f)(1)(C). Consequently, it is not necessary for me to address whether the Government is warranted in seeking detention of Mr. Pina on dangerousness grounds pursuant to Section 3142(f)(1)(D).

Mr. Pina has been charged with five counts of selling crack cocaine. Mr. Pina has multiple convictions for: violation of the Massachusetts controlled substance act, larceny, larceny of a motor vehicle and disturbing the peace. Mr. Pina also has prior convictions for assault and battery with a dangerous weapon (for which he received a 9-10 year sentence) and carrying a dangerous weapon. Mr. Pina's probation was revoked on three occasions. Therefore, considering the charges contained in this Indictment, Mr. Pina's prior criminal record and his record of violating probation, I find by clear and convincing evidence that Mr. Pina poses a danger to the community and that there are no conditions or combination of conditions that can be imposed to protect the community if he were released.

### F. Whether Mr. Pina Poses A Risk Of Flight

Mr. Pina faces a mandatory minimum sentence of ten years and a maximum sentence of life in prison if he is found guilty of the offenses charged in this Indictment. I have previously determined that at least with respect to three counts of the Indictment, the weight of the evidence against him is substantial. At the same time, Mr. Pina has lived in New Bedford for the twenty years prior

to his arrest on these charges (excluding time spent incarcerated) and substantially all his family, including his ailing father, live either in New Bedford or in fairly close proximity to the New Bedford area. Furthermore, while Mr. Pina has a record of defaults, it appears that most, if not all, of those defaults are the result of his being incarcerated when he was due to appear in court on other charges. Under these circumstance, I cannot find, independent of the rebuttable presumption, that Mr. Pina poses a risk of flight. Therefore, relying solely on the rebuttable presumption, I find that Mr. Pina poses a risk of flight and that there are no conditions or combination of conditions that I could impose to assure his appearance as required.

## V. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Pina be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Pina be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the

corrections facility in which Mr. Pina is detained and confined shall deliver Mr. Pina to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE