```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )
                                )
DANIEL GOMES and                )       CR. NO. 04-10195-PBS
MICHAEL PINA                    )
```

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS'
         MOTION TO SUPPRESS EVIDENCE OF AUTOMOBILE STOP**

In its original opposition, the government argues, *inter alia*, that, even assuming that the police officers' traffic stop of the defendants' vehicle on April 27, 2004 were found to be unlawful, evidence of the defendants' respective identities is still admissible because evidence of a defendant's identity is never suppressible even if the stop or search or event leading to the discovery of the evidence is found to be unconstitutional. INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-40 (1984)(holding that the identity of a defendant is not itself suppressible as fruit of an unlawful arrest.) The government submits this brief memorandum to make clear that, although Lopez-Mendoza arose in the context of a civil immigration deportation proceeding, the decision applies also to criminal non-immigration cases like the present one.

First, the Lopez-Mendoza Court itself emphasized through simple, clear and unambiguous wording that its holding was intended to apply also to "defendants" in criminal proceedings:

> The "body" or identity of a defendant or
> respondent in a criminal or civil proceeding

> is never itself suppressible as a fruit of an
> unlawful arrest even if it is conceded that
> an unlawful arrest, search or interrogation
> occurred.

Lopez-Mendoza, 468 U.S. at 1039-40.  Thus, courts have routinely invoked Lopez-Mendoza in rejecting defendants' efforts to suppress evidence of their identity as being tainted by an unlawful stop, or in noting that such evidence would not be suppressible.  See e.g., Navarro-Chalan v. Ashcroft, 359 F.3d 19, 22 (1st Cir. 2004)(identity of alien is never suppressible as a result of 4th amendment violation); United States v. Garcia-Beltran, 389 F.3d 864, 866 (9th Cir. 2004); United States v. Perez-Perez, 337 F.3d 990 (8th Cir. 2003); United States v. Roque-Villanueva, 175 F.3d 345 (5th Cir. 1999); United States v. Mejia-Delgado, 42 Fed.Appx. 575 (4th Cir. 2002), 2002 WL 1751312 (regardless of the legality of the search warrant, evidence of defendant's identity and presence in the United States not suppressible).

Further, although the majority of cases citing to Lopez-Mendoza understandably involve immigration related prosecutions --there is, for example, virtually no other area in criminal law where mere evidence of the defendant's identity alone is enough to result in his conviction and deportation,  Lopez-Mendoza imposes no such limitations in its scope. cf. United States v. Del Toro Gudino, 376 F.3d 997, 1001 ("[t]he rule that identity evidence is not suppressible is not limited to §1326 cases, [but]

its practical force is particularly great in this context.).  In fact, other courts, both federal and state, have relied on <u>Lopez-Mendoza</u> in non-immigration criminal proceedings to deny motions to suppress evidence of the defendant's identity where the underlying stop or search was arguably unlawful, or have noted its applicability to such cases.  See <u>United States v. Williams</u>, 173 F.3d 431 (6th Cir. 1999), 1999 WL 96753, *3, (noting that defendant's identity from illegal car stop not suppressible in prosecution for Hobbs Act robbery and unlawful firearms possession); <u>United States v. Ramires</u>, 172 F.Supp2d 1208, 1214 (D. Neb. 2001)(holding in prosecution for unlawful possession of methamphetamine with intent to distribute that "defendants cannot suppress the police officers' observations of them even if the arrests were unlawful."); <u>Schreyer v. Texas</u>, ___ S.W.3d ___, 2005 WL 1793193, *11 (Tex.App. -Dallas); (aggravated assault); <u>People v. Winn</u>, 2005 WL 1706923, *5 (Cal.App. 3 Dist.) (vehicular manslaughter); <u>Comby v. Mississippi</u>, 901 So.2d 1282, 1288)(DUI manslaughter); <u>People v. Moya</u>, 782 N.Y.S.2d 499, 500 (2004)(automobile theft); <u>City of Columbus v. Pierce</u>, 2001 WL 508303, *3 (Ohio App. 10 Dist.))(driving without valid license); <u>Gibson v. Maryland</u>, 138 Md.App. 399, 415 (2001)(armed robbery and burglary); <u>Ware v. Florida</u>, 679 So.2d 3, 4 (1996)(driving with suspended license).

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:

                /s/Donald L. Cabell
                DONALD L. CABELL
                Assistant U.S. Attorney