```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
                             )
         v.                  )   Criminal No. 04-10195-PBS
                             )
MICHAEL PINA and             )
DANIEL GOMES,                )
         Defendants.         )
```

**PRELIMINARY ORDER OF FORFEITURE**

**SARIS, D.J.**

WHEREAS, on July 7, 2004, a federal grand jury sitting in the District of Massachusetts returned a five-count Indictment charging defendant Michael Pina ("Pina") with Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)(Counts One through Four), and Distribution of Cocaine Base and Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Five);

WHEREAS, the Indictment charged defendant Daniel Gomes ("Gomes") with Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)(Counts Three and Four), and Distribution of Cocaine Base and Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Five);

WHEREAS, the Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. § 853, which sought the forfeiture of any and all property, constituting, or derived from, any proceeds the defendants obtained, directly or

1

indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations;

WHEREAS, the forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of Pina and Gomes (collectively, the "Defendants"), (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of such property;

WHEREAS, on October 12, 2006, Pina pled guilty to Counts One through Five of the Indictment, and Gomes pled guilty to County Three through Five of the Indictment, pursuant to written plea agreements;

WHEREAS, in Section Eight of the plea agreements, Pina and Gomes agreed to forfeit any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of their guilty pleas, and such assets included, without limitation, any monies recovered during the search of the Defendants' residence on June 24, 2004;

WHEREAS, on June 24, 2004, officers seized $1,573.90 in U.S. currency (the "Currency") from Pina and Gomes; and

WHEREAS, on January 12, 2007, the Court ordered forfeiture of the Currency in the Defendants' Judgments.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendants' guilty pleas and admissions in the plea agreements, that the government has established the requisite nexus between the Currency and the offenses to which the Defendants pled guilty.  Accordingly, all of the Defendants' interest in the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Currency and maintain it in its secure custody and control.

3.   Pursuant to 21 U.S.C. § 853, the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Currency pursuant hereto.

4. Pursuant to 21 U.S.C. § 853, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

5. Pursuant to 21 U.S.C. § 853, the notice referred to above shall state: (a) that any person, other than the Defendants, asserting a legal interest in the Currency, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853 for the filing of such petitions, the United States of America shall have clear title to the Currency.  At that time, the Court shall enter a Final Order

of Forfeiture addressing all alleged interests in the Currency.

      7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendants at the time of their sentencing, will be part of the Defendants' criminal sentences, and will be included in the criminal judgment entered by this Court against them.

                                                    _____
                                                  PATTI B. SARIS
                                                  United States District Judge

Date: